DISTRICT COURT.                              MARCH 19, 1859.

### ADMIRALTY.

## THE MAJOR REYBOLD v. THE TELEGRAPH.

Damages for the detention of a vessel occasioned by injury from collision should be the net freight or hire of a vessel while in her customary employment, to be ascertained by an average of the market rates of such employment within certain limits; or by the mean of the rates attested to by witnesses as having been received.  Such damages are not speculative.

Exceptions to Commissioners' Report.

This was a cause of collision occurring March 20, 1857, on the Delaware River near Tinicum Island.  A cross libel was filed by the defendants and the decree was in their favor. Upon the question whether the damages should include a claim for demurrage as allowed by the commissioner, the following opinion was filed:

### CADWALADER, J.

In this case the only point of exception is to the rate of $30 per day allowed by this commissioner for demurrage.  The objection to this allowance, as it has been stated in argument, is, that the commissioner has adopted a speculative profit which might have been earned by the vessel as the standard or measure

of the damage suffered from her detention.   But this is an entire mistake.   The standard which he has adopted affords a *certain,* as distinguished from a speculative, measure of the damage from delay.   This measure is the daily freight, or net hire, which the vessel would have earned if engaged in her customary employment.   It is no more speculative than the damage which may properly be assessed for the use of a house or farm which has been unoccupied while its owner has been kept out of possession.   The measure of his damage is the net rent which he would have received for it if in possession. In the present case the net freight, or hire, of the vessel, resembles the net rent of the house or farm.   If an owner chooses to occupy the house or farm himself, or to run the vessel on his own account, the rent or hire that he could obtain from another person is the measure of the value of his own use of the subject.

Under the Roman law and under the common law, the *theoretical* measure of the damage of an injured party has never been less than the amount in money that will afford him indemnity.   From considerations of general convenience or of the importance of uniformity in the application of specific values the practical measure may sometimes differ from the theoretical standard.   The present is not such a case.   The case is within a familiar rule that the amount of damage may be determined either by the value of an existing thing which has been taken from the party damnified, or by that of such certain profit as he might have made if the injury had not been sustained.   The loss of a *speculative* profit is not recoverable. But a compensation for the hire of a ship or of a carriage is not a speculative profit.   It is determinable by the usual market rate of such hire at the time in question.

Since the report of the commissioner was filed the deposition of Mr. Souder on behalf of the party in whose favor the report was made has been taken.   I do not think that it strengthens the case already presented on behalf of this party. I think that it was made out by the previous testimony sufficiently to sustain the report.   That testimony sufficiently

showed the market rate, between certain limits of the daily hire, which would have been obtainable at the time for such a vessel, to cast the burden of disproving it on the other side. This not having been done, the duty of the commissioner was to determine the proper daily allowance between these limits. He might have taken an average of all the rates named without regard to the means of knowledge of the witnesses, or he might have taken the mean rate of those attested by the witnesses or witness whose knowledge of the subject rendered his or their testimony most trustworthy. He adopted the latter measure, and, in so doing, appears to have determined the question judiciously.

The report is confirmed in all respects, and the decree will be entered accordingly.